**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

TAMMY WRIGHT,

    Plaintiff,

-vs-

                                   Case No.

EQUIFAX INFORMATION SERVICES
LLC, EXPERIAN INFORMATION
SOLTUIONS, INC., and TRANS UNION
LLC,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Tammy Wright (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, Equifax Information Services LLC (hereinafter "Equifax"), Experian Information Solutions, Inc. (hereinafter "Experian"), and Trans Union LLC (hereinafter "Trans Union") (collectively "Defendants") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION AND VENUE**

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Equifax's principal address is in this District; the Defendants transact business within this District; and violations described in the Complaint occurred in this District.

9. Plaintiff is a natural person and resident of Butler County in the State of Ohio. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.

11. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation headquartered in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation headquartered in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

19.    Plaintiff is alleged to be in derogatory standing with non-parties Austin Capital, partial account numbers ending in *9202 and *Y310 (hereinafter "Austin Capital Accounts"), and Kikoff, partial account number ending in *IJEH (hereinafter "Kikoff Account") (hereinafter "Fraudulent Accounts").

20.    The Defendants are reporting Plaintiff to have been late on the Fraudulent Accounts, however; Plaintiff does not own the Accounts. Plaintiff never authorized the use of her personal information to open the Accounts.

21.    Upon information and belief, Plaintiff is a victim of severe identity theft and/or mixed file.

22.    Plaintiff has experienced extensive damage to her credit due to fraud.

23.    On or about January 22, 2026, Plaintiff reviewed her credit reports in preparation to apply for a vehicle loan. Upon review, Plaintiff discovered the Fraudulent Accounts reporting in her Equifax, Experian, and Trans Union credit files as closed with past-due statuses. Plaintiff also observed multiple other fraudulent accounts being reported.

24.    Plaintiff was alarmed because she had never authorized the opening of any account with Austin Capital or Kikoff.

5

25.    As a result of the fraud, on January 27, 2026, Plaintiff filed an identity Theft Report with the Federal Trade Commission, Report Number 196648599 (hereinafter "FTC Report"). In the FTC Report, Plaintiff explained that she believed she was a victim of identity theft and the accounts being reported did not belong to her.

26.    That same day, Plaintiff mailed detailed dispute letters to the CRAs to put them on notice of the fraud and request that the Austin Capital and Kikoff Accounts be removed, along with the multiple other accounts, from her credit report. In the letter, Plaintiff requested a copy of her credit report. To confirm her identity, Plaintiff attached copies of her driver's license and social security card. Plaintiff also included images of the erroneous reporting and her filed FTC Report.

27.    Plaintiff mailed the detailed dispute letters via USPS Certified Mail to Equifax (9589 0710 5270 2629 2538 40), Experian (9589 0710 5270 2629 2538 57), and Trans Union (9589 0710 5270 2629 2538 64).

28.    On or about February 3, 2026, Plaintiff received dispute results and a copy of her credit report from Equifax acknowledging that other disputed accounts had been deleted, but Equifax did not acknowledge the Austin Capital or Kikoff Accounts.

29. On or about February 12, 2026, Plaintiff received dispute results and a copy of her credit report from Trans Union acknowledging that other disputed accounts had been deleted, but Trans Union did not acknowledge the Austin Capital or Kikoff Accounts.

30. Despite confirmation of delivery on February 2, 2026, Plaintiff did not receive any correspondence from Experian as to the detailed dispute letter.

31. On or about March 5, 2025, Plaintiff obtained updated copies of her credit reports and observed that the CRAs continued to report the Austin Capital and Kikoff Accounts with derogatory statuses, effectively continuing to damage her credit rating.

32. Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

33. Equifax never attempted to contact Plaintiff during the alleged investigation.

34. Upon information and belief, Equifax notified the furnishers of Plaintiff's disputes. However, the furnishers failed to conduct a reasonable investigation and merely compared their own erroneous data to that provided by Equifax in connection with the dispute investigation. Equifax could not have

conducted an actual investigation, as it continued to report the Fraudulent Accounts after having suppressed other accounts disputed by Plaintiff for fraud.

35. Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

36. Experian never attempted to contact Plaintiff during the alleged investigation.

37. Upon information and belief Experian notified the furnishers of Plaintiff's dispute. However, the furnishers failed to conduct a reasonable investigation and merely compared their own erroneous data to that provided by Experian in connection with the dispute investigation. Experian could not have conducted an actual investigation, as it continued to report the Fraudulent Accounts after having suppressed other accounts disputed by Plaintiff for fraud.

38. Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

39. Trans Union never attempted to contact Plaintiff during the alleged investigation.

40. Upon information and belief, Trans Union notified the furnishers of Plaintiff's dispute. However, the furnishers failed to conduct a reasonable investigation and merely compared their own erroneous data to that provided by

Trans Union in connection with the dispute investigation. Trans Union could not have conducted an actual investigation, as it continued to report the Fraudulent Accounts after having suppressed other accounts disputed by Plaintiff for fraud.

41.     Due to the continued inaccurate reporting, on or about March 13, 2026, Plaintiff mailed another detailed dispute letter to the CRAs. In the letter, Plaintiff asked for new copies of her credit reports. Again, Plaintiff explained that she believed that she was a victim of identity theft and that the Fraudulent Accounts were opened without her consent. To confirm her identity, Plaintiff provided images of her driver's license and social security card. Plaintiff included images of the erroneous reporting, and her filed FTC Report.

42.     Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9407 1111 0549 5873 2660 56), Experian (9407 1111 0549 5873 2660 18), and Trans Union (9407 1111 0549 5873 2660 63).

43.     As of the filing of this Complaint, Plaintiff has not received dispute results from the CRAs regarding her latest dispute; however, the Fraudulent Accounts continue to report on Plaintiff's credit report.

44.     Plaintiff has been incredibly stressed and feeling defeated, losing sleep at night and having to take time off from work in the attempts to resolve Defendants' mistakes.

45.     Despite Plaintiff's best efforts to have the erroneous accounts removed from her credit files, the CRAs continue to inaccurately report the Fraudulent Accounts. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

46.     Equifax has not conducted a reasonable investigation despite Plaintiff's many pleas, and upon information and belief, simply continue to parrot off the bank of the furnishers.

47.     Experian has not conducted a reasonable investigation despite Plaintiff's many pleas, and upon information and belief, simply continue to parrot off the bank of the furnishers.

48.     Trans Union has not conducted a reasonable investigation despite Plaintiff's many pleas, and upon information and belief, simply continue to parrot off the bank of the furnishers.

49.     Had Defendants conducted a reasonable investigation at any point, the result would have been different.

50.     Plaintiff continues to suffer as of the filing of this Complaint with the Defendant's reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

51.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.    Loss of time and time taken off from work in attempts to cure the errors;

iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendant's reluctance to fix the errors;

iv.    Reduction in credit score as the Defendants failed to properly investigate the disputed information;

v.    Delay in applying for lines of credit due to fear of denials from Plaintiff's lowered credit score;

vi.    Defamation and Plaintiff's information has been published to third parties including but not limited to FICO and several auto lenders to calculate Plaintiff's credit score.

vii.    Defendant's have also published erroneous information to the FTC by failing to resolve their mistakes on Plaintiff's credit reports.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Negligent)**

52.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-one (51) above as if fully stated herein.

53.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

54.    Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

55.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

56.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

12

57.   Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

58.   As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

59.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

60.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Tammy Wright, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to**

13

**Defendant, Equifax Information Services LLC (Willful)**

61.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-one (51) above as if fully stated herein.

62.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

63.    Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

64.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

65.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

66.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

67.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress;

and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

68.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

69.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Tammy Wright, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

70.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-one (51) above as if fully stated herein.

15

71.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete the fraudulent accounts from Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

72.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the Furnishers.

73.     Plaintiff provided Equifax with the information it needed to confirm that she was a victim of either identity theft and/or a mixed file. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

74.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional

16

distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

75.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

76.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Tammy Wright, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

77.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-one (51) above as if fully stated herein.

78.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete the fraudulent accounts in Plaintiff's credit file after receiving

17

notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

79.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the Furnishers.

80.    Plaintiff provided Equifax with the information it needed to confirm that she was either a victim of identity theft and/or a mixed file. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

81.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish,

humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

82. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

83. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Tammy Wright, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

84. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-one (51) above as if fully stated herein.

85. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

86.    Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

87.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

88.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

89.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

90.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

91.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

92.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Tammy Wright, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## <u>COUNT VI</u>
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

93.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-one (51) above as if fully stated herein.

94.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

95. Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

96. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

97. Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

98. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

99. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

100. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

101.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Tammy Wright, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VII
**Violation of 15 U.S.C. § 1681i as to
Defendant, Experian Information Solutions, Inc. (Negligent)**

102.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-one (51) above as if fully stated herein.

103.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete the fraudulent accounts from Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff

in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

104.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the Furnishers.

105.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of either identity theft and/or a mixed file. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

106.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

107.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

108. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Tammy Wright, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

109. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-one (51) above as if fully stated herein.

110. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete the fraudulent accounts in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

25

111. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the Furnishers.

112. Plaintiff provided Experian with the information it needed to confirm that she was either a victim of identity theft and/or a mixed file. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

113. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

114. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

115. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

26

WHEREFORE, Plaintiff, Tammy Wright, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT IX**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Negligent)**

116. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-one (51) above as if fully stated herein.

117. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

118. Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

119. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

120. Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

121. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

122. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

123. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

124. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Tammy Wright, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal

rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

125.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-one (51) above as if fully stated herein.

126.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

127.   Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

128.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

129.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

130.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

29

131. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

132. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

133. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Tammy Wright, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XI**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

134. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-one (51) above as if fully stated herein.

135. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete the fraudulent accounts from Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

136. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the Furnishers.

137. Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of either identity theft and/or a mixed file. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

138.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

139.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

140.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Tammy Wright, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**<u>COUNT XII</u>**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

141. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-one (51) above as if fully stated herein.

142. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete the fraudulent accounts in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

143. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

144. Plaintiff provided Trans Union with the information it needed to confirm that she was either a victim of identity theft and/or a mixed file. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

145.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

146.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

147.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Tammy Wright, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

34

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Tammy Wright, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 31st day of March, 2026.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
lisa@theconsumerlawyers.com
*Attorney for Plaintiff*